UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CAITLYN POSADA,<br><br>   Plaintiff,<br><br>v.<br><br>PAYCOM PAYROLL, LLC,<br><br>   Defendant. | Case No. 24-cv-13374<br><br>Honorable Robert J. White |

**STIPULATED PROTECTIVE ORDER**

The parties, by and through their respective counsel, and because discovery and the litigation of this case will require disclosure of sensitive confidential information, hereby agree to the terms of this Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways; accordingly, it is ORDERED:

1. As used in the Stipulated Protective Order, these terms have the following meanings:

   a. "Attorneys" means counsel of record;

   b. "Confidential" documents are documents designated pursuant to Paragraph 2;

   c. "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

   d. "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

  e. "Written Assurance" means an executed document in the form attached as Exhibit A.

2. A Party may designate a document "Confidential" under the following grounds: (a) any non-public commercial or proprietary information; (b) medical records; (c) particularly sensitive, personal, or private information regarding any individual who is party or witness in this litigation; (d) all information that any party is obligated to protect as confidential by contract; and (e) any information protected from dissemination by state or federal law. In the event the parties disagree regarding whether a document has properly been designated Confidential, either party may file a motion with the Court. The Court shall have the final authority to determine whether any such document is properly designated as Confidential.

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in Paragraph 4. Any other use is prohibited.

4. Access to any Confidential document shall be limited to:

  a. The U.S. District Court for the Eastern District of Michigan Southern Division ("the Court") and its staff;

  b. Attorneys, their law firms, and their Outside Vendors;

  c. Persons shown on the face of the document to have authored or received it;

  d. Court reporters retained to transcribe testimony;

  e. The parties;

  f. Outside independent persons (<u>i.e.</u>, persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5. Third parties producing documents in the course of this action may also designate documents as "Confidential," subject to the same protections and

constraints as the parties to the action. A copy of the Stipulated Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Stipulated Protective Order.

6. Each person appropriately designated pursuant to Paragraph 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the party whose designated documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the U.S. District Court for the Court or the objecting party.

7. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8. Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9. If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the Court. Prior to disclosure at hearing of materials or information designated

"Confidential," the parties may seek further protections against public disclosure from the Court. This Stipulated Protective Order does not authorize filing any document with the Court under seal. The parties shall seek leave of Court before filing any material under seal in accordance with E.D. Mich Local Rule 5.3.

10. Any party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

11. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. However, Attorneys shall be entitled to retain a set of all documents filed with the Court and all correspondence generated in connection with the action.

12. Any party may apply to the Court for a modification of the Stipulated Protective Order, and nothing in this Stipulated Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13. No action taken in accordance with the Stipulated Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

14. The obligations imposed by the Stipulated Protective Order shall survive the termination of this action.

SO ORDERED.

Dated: December 16, 2025

s/Robert J. White
Robert J. White
United States District Judge

| | |
|---|---|
| WE SO MOVE<br>and agree to abide by<br>the terms of this Order | WE SO MOVE<br>and agree to abide by<br>the terms of this Order |
| */s/ Danielle Canepa*<br>PITT, MCGEHEE, PALMER<br>BONANNI & RIVERS, P.C.<br>Rober W. Palmer (31704)<br>Danielle Y. Canepa (P82237)<br>Attorneys for Plaintiff<br>117 West Fourth Street, Suite 200<br>Royal Oak, MI 48067<br>(248) 398-9800<br>rpalmer@pittlawpc.com<br>dcanepa@pittlawpc.com | */s/ Brenna Vargas*<br>QUARLES & BRADY LLP<br>Lindsey W. Davis<br>411 East Wisconsin Avenue, Suite 2400<br>Milwaukee, WI 53202-4426<br>Phone: (414) 277-3073<br>Email: lindsey.davis@quarles.com<br>Brenna M. Vargas<br>Telephone: 414.277.5328<br>Email: brenna.vargas@quarles.com<br><br>and<br><br>BROOKS WILKINS SHARKEY &<br>TURCO PPLC<br>Julie Lyons Kosovec (P50970)<br>401 South Old Woodward, Suite 400<br>Birmingham, MI 48009<br>(248) 971-1800<br>Email: Kosevec@BWST-Law.com<br><br>*Attorneys for Defendant Paycom*<br>*Payroll, LLC* |

5

**EXHIBIT A**
**WRITTEN ASSURANCE**

_____ declares that:

I reside at _____ in the City of _____

County of _____, State of _____.

My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Stipulated Protective Order dated _____, filed in Case No. 24-CV-13374, pending before the U.S. District Court for the Eastern District of Michigan Southern Division ("the Court"). I agree to comply with and be bound by the provisions of the Stipulated Protective Order. I understand that any violation of the Stipulated Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Stipulated Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Stipulated Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Stipulated Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the Court for the purpose of enforcing or otherwise providing relief relating to the Stipulated Protective Order.

Executed on _____   _____
            (Date)                              (Signature)